# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2215

———————

Gerald L. Brumley,                                      *
                                                       *
          Appellant,                                   *
                                                       *    Appeal from the United States
     v.                                                *    District Court for the Western
                                                       *    District of Arkansas.
Garland County; Larry Williams,                        *
Individually,                                          *    [UNPUBLISHED]
                                                       *
          Appellees.                                   *

———————

Submitted:  February 6, 2008
    Filed:  February 7, 2008

———————

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Gerald Brumley appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action arising out of the maintenance by Garland County, Arkansas, of a road fronting his property. Upon de novo review, see Turner v. Honeywell Fed. Mfg. & Tech., 336 F.3d 716, 719-20 (8th Cir. 2003), we conclude that the district court properly determined that Brumley's failure to pursue his state-court remedies was fatal to his federal claims, see Cormack v. Settle-Beshears, 474

———————

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

F.3d 528, 531 (8th Cir. 2007) (federal courts are barred from considering merits of takings claim until private litigant exhausts state remedies unless state's remedies are inadequate or unavailable; Arkansas' inverse condemnation procedure provides adequate mechanisms for its citizens to be justly compensated for takings), and Brumley failed to establish a basis for holding the defendants liable, see Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403-04 (1997) (plaintiff seeking to impose § 1983 liability on municipality must identify municipal policy or custom that caused his injury).

To the extent that Brumley raised state-law claims, we modify the dismissal of any such claims to be without prejudice. See Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam) (following dismissal of federal claims, district court has discretion to dismiss state law claims, but dismissal should be without prejudice). As modified, the judgment is affirmed. See 8th Cir. R. 47B.

_____